## *Ex parte* STOCKTON.

### (*District Court, E. D. Texas.* December 6, 1887.)

#### CONSTITUTIONAL LAW—INTERSTATE COMMERCE—DRUMMER'S TAX.

Rev. St. Tex. art. 4665, provides, under penalties, that every commercial traveler soliciting trade by sample or otherwise shall pay an annual occupation tax; and if he does not on demand exhibit to the proper officers the comptroller's receipt therefor, he shall be guilty of a misdemeanor. *Held,* that the law is an unconstitutional regulation of commerce between the states as to a citizen of another state, selling goods by sample, and having no goods in the state.[1]

Petition for Writ of *Habeas Corpus.*

Robert C. Stockton, a citizen of Missouri, was arrested for selling goods by sample as a drummer, without having paid the tax as provided by the laws of Texas, and applied to the United States district court for a writ of *habeas corpus.*

SABIN, J. This is an application of Robert C. Stockton, a citizen of Missouri, to be released from the custody and imprisonment of M. O. Meador, constable of precinct No. 1, Smith county, Texas, who holds him unjustly and unlawfully, and in violation of the constitution of the United States, as it is alleged, upon a charge to the effect that the said Stockton, " on the first day of November, A. D. 1887, in the county of Smith, in the state of Texas, did then and there unlawfully pursue and follow the occupation of a commercial traveler, the said occupation being taxed by law, and the said Robert Stockton did then and there unlawfully and willfully fail and refuse to exhibit to M. O. Meador, a peace officer, to-wit, a constable in and for precinct No. 1, Smith county, Texas, upon demand therefor then and there duly made by said officer

---

[1] A state statute imposing a license tax on drummers and others selling by samples within a certain taxing district is a regulation of interstate commerce, and therefore unconstitutional as applied to citizens of other states, Robbins v. Taxing District, 7 Sup. Ct. Rep. 592; Simmons Hardware Co. v. McGuire, (La.) 2 South. Rep. 592; Ex parte Rosenblatt, (Nev.) 14 Pac. Rep. 298; and a statute requiring one who peddles articles grown or manufactured in a foreign country to have a license, is unconstitutional, State v. Pratt, (Vt.) 9 Atl. Rep. 556. So, also, where the license is made proportionate to the licensee's stock in trade. Corson v. Maryland, 7 Sup. Ct. Rep. 655.

of said Robert C. Stockton, the receipt of the comptroller of public accounts, showing the payment of the occupation tax due by said Robert C. Stockton to said state upon said occupation, against the peace and dignity of the state." Petitioner claims that he is a citizen of the United States, and has been a citizen of the state of Missouri for over five years, and was such citizen at the time of the arrest complained of, and when arrested was only temporarily in Texas, and was engaged in selling goods by sample for the wholesale house of William A. Wilson & Co., of Kansas City, Missouri; that said William A. Wilson & Co. have no business house in the state of Texas; that each member of that firm is a resident and citizen of Kansas City, Missouri, and of the United States, and that applicant is engaged in what is commonly known as " drumming," and represents said William A. Wilson & Co., and no other firm, selling their goods and taking orders by sample, which he carries with him, and filling said orders by shipping goods from Missouri into Texas to those from whom he secures orders; that, on the said first day of November, he was so engaged in selling such goods, when he was approached by said M. O. Meador, and requested to exhibit to him a receipt of the comptroller of public accounts, showing the payment of occupation tax by him as a commercial traveler, and, upon his failure to exhibit such receipt, he was then and there and thereafter arrested by said Meador, by virtue of a warrant upon the charge hereinbefore set forth. Petitioner claims that he has not now, nor ever had, the receipt referred to in the charge against him, and that he is unjustly and unlawfully detained by said Meador, in violation of the constitution of the United States, in that the law of the state of Texas upon which such prosecution is founded, so far as it affects complainant, is in conflict with the constitution of the United States, which gives to congress the exclusive right to regulate commerce between the states, wherefore he prays to be relieved from said unlawful detention and imprisonment, and for a writ of *habeas corpus*, and the action of this court thereon.

The prosecution was an information of the county attorney of Smith county, based upon the affidavit of M. O. Meador, filed in the county court of Smith county, Texas, upon which the warrant of arrest was issued by virtue of which the arrest was made. The writ of *habeas corpus* was in this behalf from this court upon the application of Stockton, November 4, 1887, and served on Meador November 5, 1887, and to which he made his return thereon November 7, 1887, in which he states that he now here brings into this court the body of the within-named Robert C. Stockton, and certifies that he holds said Stockton in duress by virtue of the affidavit, information, and *capias*, true copies of which are attached to the application for writ of *habeas corpus* herein.

At the instance of the Hon. James S. Hogg, attorney general of the state of Texas, who had been at once furnished, by order of the court, with a copy of the writ of *habeas corpus*, which embodied the application therefor, the hearing was deferred, with the consent of the applicant, and November 17, 1887, said attorney general appeared and claimed that "the state of Texas, by her attorney general, now here in open court,

suggests that she is a proper party to this cause, for the reason that it involves (1) the right of her lawful officers to execute the lawful process under the laws of the state; (2) that it involves the constitutionality of one of her laws; (3) that it assails her right to raise a revenue from a lawful source; wherefore she asks to be permitted to appear and be entered of record here as a party to this proceeding;" which was accordingly done and allowed, and thereupon the hearing was proceeded with; Robbert C. Stockton appearing in person, and by his counsel, the Hon. John M. Duncan; M. O. Meador, in person; and the Hon. James S. Hogg, attorney general, in behalf of the state of Texas.

The proof adduced amply and fully established the facts set forth in the petition for *habeas corpus*, and clearly exhibited the fact that merchants and citizens of states other than Texas, having business in Texas, through drummers, and selling by samples of goods without the state, and to be delivered therein on sale, regarded the drummers' tax as without warrant of law, and as oppressive and unjust, and as opposed to the constitution of the United States, and the settled decisions thereunder by the supreme court of the United States, and had come to the firm determination to make resistance thereto by due course of law in an appeal to the courts, and which views and determination were likewise entertained by the drummers themselves; and Mr. Robert C. Stockton, the relator or applicant herein, being the first party arrested, has sued out this writ, he being a drummer of William A. Wilson & Co., citizens of Missouri, having no goods in Texas, and doing business as citizens of Missouri, in the state of Texas, through the agency of said Stockton, in selling by sample their goods in Missouri, to be delivered in Texas on sale by sample to citizens of Texas or persons residing therein. The clause of the constitution that the applicant, Stockton, claims to have been violated by any state law, no matter what, which may have called for his arrest, is as follows, viz.:

"Sec. 8. The congress shall have power * * * (3) to regulate commerce with foreign nations, and among the several states, and with the Indian tribes; * * * (18) to make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this constitution in the government of the United States, or in any department or officers thereof."

The portion of the law complained of by the applicant as void, and insisted upon by the state as valid, is as follows, viz.:

"Art. 4665. That there shall be levied on and collected from every person, firm, company, or association of persons, pursuing any of the following named occupations, an annual tax, except when herein otherwise provided, on every such occupation or separate establishment as follows: * * * From every commercial traveler, drummer, salesman, or solicitor of trade, by sample or otherwise, an annual occupation tax of thirty-five dollars, payable in advance; provided, that the tax herein required to be paid by such commercial traveler, drummer, salesman, or solicitor shall be paid to the comptroller of public accounts, whose receipts, under seal, shall be evidence of the payment of such tax; and provided, further, that no county, city, or town shall levy or collect any occupation tax upon such commercial traveler, drummer, salesman, or solicitor; provided, that nothing herein contained shall apply to any one so-

liciting subscriptions for religious, literary, or historical books or maps, or to persons soliciting for nurseries; newspapers, and grave-stones; provided further *that every commercial traveler, drummer, salesman, or solicitor of trade shall, on demand of the tax collector of any county of the state, or of any peace officer of said county, exhibit to such officer the comptroller's receipt above mentioned; and every commercial traveler, drummer, salesman, or solicitor of trade, who shall fail or refuse to exhibit said receipt to such officer on demand by him, shall be guilty of a misdemeanor, and fined in a sum not less than twenty-five, nor more than one hundred, dollars.*"

It is this portion of the statute that the relator, Stockton, claims is void, by reason of being obnoxious to the provisions of the constitution of the United States above quoted, and therefore void.. The state of Texas claims that it is a valid law, and that she is entitled to have it enforced, and that it is not so void.

This law imposes a tax, in the first place, upon all drummers, whether acting as agents for citizens of other states, in selling their goods therein to citizens or people of this state, in this state, by samples of such goods, or not, and then provides a penalty for not producing a receipt showing the payment thereof to the comptroller, when demanded by the proper officer, and, failing to pay such fine or penalty, he may be arrested, and by other laws be thrown into jail, and set to work on the county farm until he can extinguish the same through enforced labor at the rates fixed by law. The object of the penalty is to enforce the payment of an unlawful tax, declared in direct violation of the constitution of the United States, and that failing, the penalty for its disobedience also fails; or, in other words, the entire section is null and void, and the same being in direct violation of the constitution of the United States. The statesmen, soldiers, and patriots who cast their lives, liberties, and sacred honors for and in defense of American liberties, and for the foundation of a free and representative government for a free people, upon the hazard of successful revolution, have passed away; but the sacred principle of no taxation without representation, for which they struggled, still survives, and to-day remains one of the grand corner-stones of our government, and is protected by paragraphs 3 and 18 in section 8 above referred to of the constitution of the United States. What representation has the citizen of one state in the laws of another state affecting his commerce therein? Precisely none. But the congress alone represents the people of the United States, as well as the states, in their mutual affairs. Neither state can say for itself what taxes it will place upon the lawful commerce of citizens of another state within its borders; the property of such other citizens not being therein. This is simply a question of power. If a state can make a tax at all upon interstate commerce, it can do almost anything in that line. What would be thought of New York or the New England states if they were to tax the citizens of Texas or other southern states for the sale of all cotton, hides, wool, pecans, and moss, or other article of commerce sought to be sold them by their agents, drummers, or factors, by levying a tax on such sales by sample therein? Why, it would be claimed by every citizen of the United States, who adheres to the doctrine of no taxation without representation, that the

citizens of Texas and other states were not represented in the making of such laws, and that they were void as to them and their agents, as a tax on their agents was a practical tax on their business, and, if carried out or tolerated, would allow any one state virtually to lay an embargo on the commerce of any one or more states, which would be preposterous. The idea of a citizen of the United States being challenged anywhere in this nation by any power other than national, in the conduct of his lawful business in states other than his own, is decidedly absurd and ridiculous. He never has had a chance to vote in the state not his own upon that subject. He has voted in his congressional district, no doubt, for his representative in congress; and it is not unlikely that citizens of other states have voted in their respective congressional districts for their representatives; and when they all meet in congress, whatever they may lawfully determine therein will be obeyed and observed by each and every citizen in this broad land. The people of this nation, no matter of what state citizenship, bow to nothing save the will of heaven and their own. In domestic affairs they express that will through their legislatures, and it is observed by all good people; in interstate matters, they express that will, if any, through congress, and it is the pride of all good citizens as well as states to observe and respect it. If the power by the constitution has been lodged in congress, as in this case, and congress shall not have acted, both states and people must wait until congress legislates upon the subject. There is no state or community of individuals that can make any law at all upon that subject.

The law in question is utterly void so far as it affects the commerce of citizens of other states, having no goods herein, but selling herein by sample, and particularly Robert C. Stockton, the applicant for *habeas corpus* herein, as drummer or commercial traveler for William A. Wilson & Co., of Kansas City, Missouri, and he must be discharged and released from custody, and have and recover all costs herein. The following are the authorities relied upon as settling the law in this case, viz.. *Robbins* v. *Shelby Co. Taxing Dist.*, 120 U. S. 489 *et seq.*, 7 Sup. Ct. Rep. 592; *Fargo* v. *Michigan*, 121 U. S. 230 *et seq.*, 7 Sup. Ct. Rep. 857; *Steam-Ship Co.* v. *Pennsylvania*, 122 U. S. 326 *et seq.*, 7 Sup. Ct. Rep. 1118.

A judgment and order will be entered herein in accordance with the foregoing opinion.